Mr. Charles L. Robinson Legislative Auditor State Capitol Room 172 Little Rock, Arkansas 72201
Dear Mr. Robinson:
This is in response to your request for an opinion concerning the calculation of "net current revenue," as that term is used in A.C.A. § 6-20-307 (Supp. 1989), of the Whitehall School District for the year 1989-90. Specifically, you note that a utility company in the district paid a portion of its real and personal property taxes in Jefferson County under protest and requested that the taxes be placed in a tax protest fund pending the outcome of litigation filed by the utility. The taxes paid were a portion of the 1987 taxes collected in 1988 and a portion of the 1988 taxes collected in 1989. The county, instead of placing the funds in a tax protest fund, distributed them to Whitehall School District which used the funds in determining and paying teacher salaries in the district.
In February 1990, the Pulaski County Chancery Court ruled that approximately $171,000 of taxes must be refunded to the utility. Pursuant to court order, the Whitehall School District refunded approximately $171,000 of the taxes collected.
Your question, based upon these facts, is as follows:
 Under the facts presented, for the 1989-90 school fiscal year, in calculating the net current revenue, may the Whitehall School District deduct the approximately $171,000 in protested taxes that were repaid pursuant to a court order?
"Net current revenue" is a term used in the "School Finance Act of 1984," which was enacted as Act 34 of 1983 (Ex. Sess.) and codified at A.C.A. § 6-20-301 et seq. It is important because that subchapter requires school districts to pay 70% of their "net current revenue" for teachers' salaries in the district. A.C.A. § 6-20-307 (c). Additionally, each district, in order to receive state aid, must pay its teachers 56% of the increase in "net current revenue" from one year to the next. A.C.A. §6-20-319 (4)(A).
It is my opinion that the answer to your question, based upon the facts as you have presented them, is "no."
We should note, however, that this conclusion is not based upon any facts evidencing the escrow or setting aside of the protested funds. This question is not presented by your request. The facts as you present them evidence only that the district received the protested funds, spent them one year, and then was required to refund them in the following year. It is our understanding the district wrote a check to the utility out of 1989-90 revenues to refund the contested taxes spent in 1988-89.
The answer to your question is "no," because no provision of law authorizes the deduction of such sums from "net current revenue." The statute defines "gross current revenue" for the year, and then provides that:
 net current revenue shall be the gross current revenue . . . less the amount received for state transportation aid, the amount set aside for textbook program aid, the amount paid from debt service revenue that is required to meet principal and interest payments on commercial bonds, and any amounts due the state revolving loan program.
The statute is very specific as to the items which may be deducted from gross current revenue to arrive at net current revenue. This office has previously opined that this list is exhaustive and deductions may not be made if unauthorized. See
Opinion No. 85-183 at 3, copy enclosed.
It is therefore my opinion that the answer to your question must be "no." Any correction of this situation must be achieved through legislature clarification.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb